```
                    UNITED STATES DISTRICT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

ANTONIO M. AGEE,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    No. 1:10-CV-184-SNLJ
                                    )
JEFF NORMAN, et al.,                )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Antonio M. Agee (registration no. 501843) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $15.42, and an average monthly account balance of $13.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

2

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary, injunctive, and declaratory relief in this 42 U.S.C. § 1983 action against defendants Jeff Norman (Warden), Paula Phillips (Functional Unit Manager), Unknown Walker (Captain), and George Lombardi (Director, Department of Corrections).

Liberally construing the complaint, plaintiff alleges that on May 26, 2010, three correctional officers, who are not named as defendants in this action, handcuffed and escorted him to a lockdown unit (i.e., segregation confinement). Plaintiff states that on June 1, 2010, he was taken before a Classification Hearing Committee and informed that he was under investigation; however, he has never been told why he is under investigation, and he has been in lockdown for almost seven months. Plaintiff alleges that defendants Norman, Phillips, and Walker are the individuals who determined that he should be placed under investigation and kept in lockdown. Plaintiff claims that no formal charges have been

3

brought against him, and no one will tell him why he is being investigated.  Plaintiff's claims against defendants Jeff Norman, Paula Phillips, and Unknown Walker regarding the violation of his constitutional rights survive review under § 1915(e)(2)(B) and should not be dismissed at this time.  *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).  The Court will order said defendants to reply to the complaint.

Plaintiff states that he is suing defendant Lombardi, because he is legally responsible for the overall operation of SECC.  The complaint is legally frivolous as to George Lombardi, because plaintiff does not set forth any facts indicating that he is directly involved in or personally responsible for the violation of his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $3.08 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that, as to defendant George Lombardi, the Clerk shall not issue process or cause process to issue upon the complaint, because the claims against this defendant are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Jeff Norman, Paula Phillips, and Unknown Walker, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jeff Norman, Paula Phillips, and Unknown Walker shall reply to the complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to

5

Track 5B (standard prisoner actions).

A separate order of partial dismissal shall accompany this memorandum and order.

Dated this 27th day of December, 2010

_____
**UNITED STATES DISTRICT JUDGE**