# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO AGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10CV00184 SNLJ |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Plaintiff's December 1, 2010 Motion to Appoint

Counsel (#4) and January 10, 2011 Motion for Temporary Restraining Order and Preliminary

Injunction (#10).

## I.      Plaintiff's Allegations

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary,

injunctive, and declaratory relief in this 42 U.S.C. § 1983 action against defendants Jeff Norman

(Warden), Paula Phillips (Functional Unit Manager), and Unknown Walker (Captain).  Liberally

construing the complaint, plaintiff alleges that on May 26, 2010, three correctional officers, who

are not named as defendants in this action, handcuffed and escorted him to a lockdown unit (*i.e.*,

segregation confinement).  Plaintiff states that on June 1, 2010, he was taken before a

Classification Hearing Committee and informed that he was under investigation; however, he has

never been told why he is under investigation, and he has been in lockdown for almost seven

months. Plaintiff alleges that defendants Norman, Phillips, and Walker are the individuals who

determined that he should be placed under investigation and kept in lockdown. Plaintiff claims

that no formal charges have been brought against him, and no one will tell him why he is being

investigated. Plaintiff's motion for a temporary restraining order adds that on December 14, 2010, his administrative segregation was extended for 60 additional days and that defendant Phillips told him that no investigation had begun, apparently because investigations are completed in the order in which they are assigned. Plaintiff indicates he has made numerous attempts to contact various officials around the state regarding his plight.

## II. Discussion

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to the movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. *Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (*en banc*).

Here, plaintiff states he is being denied procedural due process because he has been confined in administrative segregation without being formally charged with any violation. "In order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). To show he was deprived of a protected liberty interest, plaintiff must show that his confinement in administrative segregation imposed "atypical or significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life." *Phillips,* 320 F.3d at 847 (internal quotations omitted); *see also Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010).

Plaintiff's motion and attached affidavit do not present any immediate threat of irreparable harm, nor has plaintiff made a case that he will have a likelihood of success on the

merits as to these claims. Fatal to plaintiff's case is that he has been in administrative segregation since May 26, 2010 (nearly eight months ago), and he did not file his complaint until November 8, 2010. The imposition of an additional 60 days in administrative segregation does not pose a significant threat of irreparable harm under these circumstances.

With respect to plaintiff's motion to appoint counsel, the appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a prima facie claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *In re Lane*, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall*, 48 F.3d. at 1080-81; *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff is able to litigate this matter, and nothing has occurred to indicate any need to appoint counsel at this point in time. This action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#4), filed December 1, 2010, is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, filed January 10, 2011 (#10) is **DENIED** without prejudice.

Dated this ___12th___ day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE