UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANTONIO AGEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:10CV00184 SNLJ |
| JEFF NORMAN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' February 25, 2011 Motion to Dismiss (#18). Plaintiff is an inmate incarcerated at the Southeast Correctional Center who alleges that he has been confined in administrative segregation since May 2010 under an "investigation" that has not yet taken place. Plaintiff alleges that defendants have not told plaintiff what the investigation is about. Furthermore, plaintiff alleges that defendants have indicated they plan to keep him in administrative segregation indefinitely.

Plaintiff moved for a temporary restraining order on January 1, 2011 (#10). The Court denied plaintiff's motion on January 12, 2011 (#11). Plaintiff "replied" to that order on January 19 (#12), and then asked (by letter to the clerk) on January 20 (#13), essentially, that the Court reconsider its order.

Defendants have moved to dismiss. A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

For the most part, the Court does not find favor for defendants' motion at this time. However, as to defendants' motion to dismiss Plaintiff's Sixth Amendment claims, the Court will grant the motion. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

As for plaintiff's Fourteenth Amendment claim, the Court is cognizant of the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), which indicated that administrative segregation will rarely create a protected liberty interest. *See Bruns v. Halford*, 913 F. Supp. 1295, 1302 (N.D. Iowa 1996). However, prolonged or indefinite confinement in

administrative segregation may implicate due process considerations. *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (solitary confinement "impose[d] an atypical and significant hardship" because of "indefinite" duration, combined with preclusion of parole eligibility); *Herron v. Wright*, 116 F.3d 480 (Table), 1997 WL 292333, *1 (8th Cir. June 3, 1997) ("The length of time of a prisoner's segregation is a significant factor in the determination of whether the confinement is an 'atypical and significant hardship.'"); *see also Heard v. Caruso*, 351 Fed. Appx. 1, *4-5 (6th Cir. Aug. 27, 2009) (indefinite segregation and parole eligibility concerns created liberty interest). In addition, plaintiff has pleaded sufficient facts to sustain his Eighth Amendment claim at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss, filed February 25, 2011 (#18), is **DENIED** in part and **GRANTED** in part.

**IT IS FURTHER ORDERED** that plaintiff's claims arising under the Sixth Amendment are **DISMISSED.**

**IT IS FINALLY ORDERED** that the defendants shall answer the complaint within fourteen days from the date of this Order.

Dated this  8th  day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE